Affirmed and Memorandum Opinion filed August 21, 2007








Affirmed and Memorandum Opinion filed August 21, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00725-CR

_______________

 

JAMES DECLOUETTE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 337th District Court

 Harris County, Texas

Trial Court Cause No. 1053615

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

James Declouette appeals a conviction
for aggravated sexual assault of a child[1]
on the ground that he was denied effective assistance of counsel by his trial
counsel=s failures to investigate the case,
call witnesses to testify, and communicate with appellant.  We affirm.

 

 

 








                                                            Standard
of Review

To prevail on an ineffective
assistance claim, appellant must show that his attorney's performance fell
below an objective standard of reasonableness and there is a reasonable
probability that, but for the error, the result of the proceeding would have
been different.  Rompilla v. Beard, 545 U.S. 374, 380, 390 (2005); Garza
v. State, 213 S.W.3d 338, 347‑48 (Tex. Crim. App. 2007).  Defense
counsel has a duty to make either a reasonable investigation or a reasonable
decision that a particular investigation is unnecessary.  Wiggins v. Smith,
539 U.S. 510, 521 (2003).  Therefore, strategic choices made after thorough
investigation of law and facts relevant to plausible options are virtually
unchallengeable; and strategic choices made after less than complete
investigation are reasonable to the extent that reasonable professional
judgments support the limitations on investigation.  Id.  In reviewing
the reasonableness of an investigation, we consider the evidence known to
counsel and whether it would lead a reasonable attorney to investigate
further.  Id. at 527.  A court may dispose of an ineffective assistance
claim solely on a lack of prejudice without determining whether counsel=s performance was deficient.  Strickland
v. Washington, 466 U.S. 668, 697 (1984).

                                                         Guilt/Innocence
Phase

Appellant complains that his defense
counsel was deficient during the guilt/innocence phase of trial by failing to:
interview appellant in jail; visit the apartment in which the assault occurred
(the Aapartment@); prepare Waurisa Shorter[2]
to testify; and contact possible exculpatory fact witnesses, including
appellant=s brother and roommate, John Declouette, and appellant=s other roommate, Dwayne Shorter.








Although the record indicates that
defense counsel did not interview or visit appellant in jail, counsel's
affidavit states that he discussed the case thoroughly with appellant during
their meetings at the court's holdover cell each time the case was on the court=s docket.[3] 
Appellant=s brief cites no information he was unable to convey to counsel, no trial
preparation matters they were unable to discuss, and no other basis to conclude
that additional meetings with counsel would have benefitted his defense. 
Similarly, although appellant=s brief contends that his counsel=s failure to visit the apartment
deprived his counsel of an opportunity to reasonably investigate and test the
credibility of the complainant, it cites no facts that: (1) visiting the
apartment would have revealed; (2) were not otherwise presented at trial; and
(3) would have allowed a more effective crossBexamination of the complainant or
otherwise benefitted his defense.  Likewise, appellant=s brief does not indicate what
additional information his counsel could have learned from talking to Waurisa
Shorter before trial or how her testimony could have otherwise been better
prepared or presented at trial.

Appellant contends that Dwayne
Shorter=s testimony that he never saw
appellant alone with the complainant would have provided a second witness, in
addition to Michael Hawkins, whom the complainant identified as having
witnessed the assault, to controvert that evidence.  Appellant asserts that this would have been especially
compelling in light of the evidence, mentioned in several affidavits, that the
complainant's stepfather had abused the complainant.  Appellant also argues
that John Declouette, who was also present at appellant=s house on the day of the offense,
would have testified that: (1) he, too, never saw appellant alone with the
complainant; and (2) the X‑Box game machine that the complainant said he
was playing on in the bedroom immediately before the assault was actually in
the living room.








However, there is nothing in the
record to indicate that the complainant would testify that Dwayne Shorter had
come into the room during the assault.  Rather, the complainant had stated in
his videotaped statement that it was Hawkins who had come into the room during
the assault, and the complainant=s mother testified at trial that this
is also what the complainant had told her.  Counsel=s affidavit states that Dwayne
Shorter=s name was never mentioned as a
witness in the State=s file or the complainant=s video interview statement and that
appellant never mentioned that Shorter was living with him at the time.  Upon
first learning of Dwayne Shorter as a potential witness at trial, counsel
decided against putting him on the stand because he did not know what he would
testify.  Moreover, appellant does not show that he was harmed by counsel=s failure to call Dwayne Shorter to
controvert the complainant=s contradictory testimony concerning Hawkins and Shorter
because counsel exposed that inconsistency through other witnesses at trial.

Counsel=s second affidavit similarly states
that the complainant did not mention the X-box until he testified, and
appellant did not tell his counsel about the X-box until it was brought up at
trial.  The affidavit further indicates that counsel wanted to treat it as a
recent fabrication by the complainant.  Counsel=s first affidavit also states that
appellant did not give him any contact information for anyone besides appellant=s mother, whom counsel contacted, and
from whom counsel obtained contact information for appellant=s brother, Mike, and, Mike=s girlfriend.  Thus, the record does
not show that the evidence known to counsel would have lead a reasonable
attorney to investigate further in order to identify John Declouette as a
possible witness or the X-box as a possible subject of impeachment. 
Accordingly, appellant has not demonstrated ineffective assistance of counsel
during the guilt/innocence phase of the trial.

                                                             Punishment
Phase








Appellant contends that his defense
counsel was ineffective in failing to investigate and call various character
witnesses to present mitigating evidence about appellant's hardworking,
dependable, non‑violent nature.  However, counsel=s affidavits state that the State=s file reflected allegations of Aincidents@ with appellant=s ex-girlfriend and that appellant Ahad been sexually inappropriate with
one of the daughters.@  Although everyone counsel interviewed in the case indicated
that appellant was not the type to Ado this,@ counsel=s strategic decision not to put on
additional mitigation evidence was made to prevent the State from eliciting
testimony: (1) from police and doctors about sexual abusers and traits of
sexually abused children; and (2) from each mitigation witness whether they had
heard about the prior allegations of  abuse by appellant.

The risk faced by counsel in deciding
whether to present additional mitigation witnesses is illustrated by the
cross-examination testimony of appellant=s only mitigation witness, his
mother. When asked whether she considered appellant a danger to children, and
whether children needed to be protected from appellant, she admitted that she
didn=t know.  When asked whether her son
needed to be taught that it is wrong to have sex with a little boy, she replied
AYes, I think so.@  Under these circumstances, even if
counsel made a less-than-complete investigation of mitigation witnesses,
appellant has not shown that a reasonable professional judgment would not
support counsel=s limitation on that investigation and the presentation of
further mitigation evidence.

Because appellant=s issue does not, therefore, demonstrate
ineffective assistance of counsel during either the guilt/innocence or
punishment phase of the trial, it is overruled, and the judgment of the trial
court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed August 21, 2007.

Panel consists of Justices Yates,
Edelman, and Seymore.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury convicted appellant and sentenced
him to twenty-five years confinement.





[2]           Her first name appears in the record as
both Teresa and Waurisa.





[3]           The record reflects that appellant appeared
in court on at least seven occasions.